This is a suit to annul a sale of a one-half mineral interest to 40 acres of land in Bossier Parish, Louisiana. The petition alleges that defendant, D. B. McConnell, induced plaintiff to sign the mineral deed by falsely representing same to be a copy of a mineral lease which she had executed several days before, and that the recited consideration was not paid. The petition further asked that the sale be set aside for lesion beyond moiety.
Exceptions of vagueness and improper cumulation of actions were filed and plaintiff filed an amended petition abandoning some allegations and deleting that part of the petition relative to lesion beyond moiety.
The answer admitted the execution of the mineral deed but denied all allegations of fraud or irregularity and prayed that plaintiff's demands be rejected.
The case is before us on appeal by plaintiff from a judgment rejecting her demands.
Counsel for plaintiff and defendant stipulated that the defendant, D. B. McConnell, was the only defendant with an actual interest.
Attached to plaintiff's petition and introduced in evidence was the mineral deed under attack. It is dated May 3, 1946, witnessed by one Lucille Smith and the defendant, McConnell. The deed was taken by McConnell in the name of a third party.
The two principal witnesses in the case were the plaintiff and defendant, D. B. McConnell. There is no possible reconciliation of their testimony. McConnell testified that on the day he took the mineral lease, May 3, 1946, he paid to plaintiff the recited consideration of $200.00 by the delivery of two one hundred dollar bills, and at the same time he explained to her that he expected to get a lease on some adjoining property so as to make out an 80 acre drilling unit; that, after he had secured the adjoining lease, he, on May, 14th, returned and secured a "top lease" on plaintiff's 20 acres (plaintiff's land was already under a lease which expired the last part of 1946). While this lease recited the consideration of $100.00, the actual consideration McConnell testified, was $80.00 of the $200.00 already paid and the additional benefits that plaintiff would receive when defendant drilled a well, on the adjoining tract, which would be unitized with that leased by plaintiff. Defendant and the same Lucille Smith were the witnesses to this lease, also taken in a third party's name.
Plaintiff's witness, Lulu Mae White, testified that she was at plaintiff's home, and peeping out the front door, when the lease was signed on the front porch; that $200.00 was the agreed price for the lease and that plaintiff, after she had signed the lease, carried it across the street and one Lucille Smith, who was sitting in her swing on her front porch, signed as a witness. Lucille Smith's signature also appeared on the mineral deed. She was a neighbor of plaintiff, but was not called as a witness.
Plaintiff introduced testimony of a reliable oil man that he had made her a standing offer of $60.00 an acre for the minerals covered in the deed to defendant. However, the record showed that after the sale to defendant, she sold minerals on the same property for a price of only $30.00 per acre.
The record establishes that plaintiff signed the mineral deed and received $200.00 in cash from defendant — either at the time of signing the mineral deed or at the time she signed the lease, which recited a consideration of only $100.00.
The record fails to sustain plaintiff's allegation of fraud. No useful purpose would be served by detailing further the conflicting testimony. The issue is strictly one of fact. The record sustains the finding of the District Court in favor of the defendant.
The judgment is affirmed, with costs. *Page 345